**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| SECURITY FIRST INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC, <br><br> Defendant. | Case No: 2:23-cv-97 |

**<u>RULE 16(b) SCHEDULING ORDER</u>**

Subject to any motions now pending, the parties having reported to the Court in accordance with Federal Rule of Civil Procedure (hereinafter "Rule") 26(f), the Court ORDERS as follows:[1]

1.      Trial shall commence on **<u>July 9, 2024, at 10:00 a.m.</u>**, at the courthouse in Norfolk. Unless otherwise ordered by the court, the party intending to offer exhibits at trial shall place them in a binder, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party, one (1) business day before the trial. The submitting party may substitute photographs for demonstrative or sensitive exhibits.

2.      The party having the burden of proof upon the primary issue to which potential Fed. R. Evid. 702, 703, or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business

---

[1] Only the Court, by order, may approve extensions of time.

address, occupation and field of expertise on or before **February 9, 2024**. The disclosure outlined in Fed. R. Civ. P. 26(a)(2)(B) shall be made on or before **March 11, 2024**. In addition to the disclosures required by Fed. R. Civ. P.26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Fed. R. Evid. 702, 703, or 705, whose first direct contact with the case or the parties occurred subsequent to the filing of this action.  Fed. R. Evid. 702, 703, or 705 disclosures intended solely to respond to, contradict, or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Fed. R. Civ. P. 26, or pursuant to this Order, shall be made by **April 12, 2023**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on or before **May 3, 2024,** and shall be limited as to source to expert witnesses previously identified. Further rebuttal to Fed. R. Evid. 702, 703 or 705 evidence shall be permitted only by leave of court.

3.      Discovery shall be commenced timely and, except as to expert witnesses, shall be completed, by agreement of the parties, on or before **February 16, 2024**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least 30 days prior to the established completion date, so that responses thereto will be due on or before the completion date.  All subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address, and purpose of the testimony of each witness and be approved in advance of issuance by a judge or magistrate judge of this court. Such approval shall not preclude

2

any witness from contesting a summons. In accordance with Fed. R. Civ. P. 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for depositions and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery requests shall not be filed with the court until they are used in the proceeding or ordered filed by the court. Discovery improperly submitted will be discarded by the clerk without notice to counsel. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the court if sought to be used by any party or ordered filed.

4.      All discovery of experts and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial shall be concluded on or before **May 3, 2024**.

5.      The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be delivered to all counsel and unrepresented parties on or before **May 28, 2024,** and filed with the Court at the final pretrial conference as part of the final pretrial order. Any objections to this disclosure shall be delivered to all counsel and unrepresented parties on or before **June 11, 2024**, and, if unresolved, will be heard at the final pretrial conference. Failure to deliver timely objections to Fed. R. Civ. P. 26(a)(3) disclosures shall constitute a waiver of the right to object. Wherever delivery to counsel or unrepresented parties, as opposed to the Clerk, is required by this Order, facsimile transmission or equivalent electronic transmission during normal business

hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

6.      An attorneys' conference is scheduled in the office of counsel for the plaintiff or, if the plaintiff is unrepresented, at the office of counsel for the defendant whose office is located closest to the courthouse in Norfolk, on or before **June 18, 2024, at 2:00 p.m.** Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3), preparing stipulations, and marking the exhibits to be included in the final pretrial order outlined in paragraph 7. With the exception of rebuttal or impeachment evidence, any information required by Fed. R. Civ. P. 26(a)(3) not timely disclosed, delivered, and incorporated in the proposed final pretrial order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

7.      A final pretrial conference shall be conducted on **June 25, 2024, at 11:00 a.m.**, at the courthouse in Norfolk, at which time trial counsel and unrepresented parties shall appear and be prepared to present for entry the proposed final pretrial order setting forth: (1) a stipulation of undisputed facts; (2) identification of documents, summaries of other evidence, and other exhibits in accordance with Fed. R. Civ. P. 26 (a)(3)(A)(iii) to which the parties agree; (3) identification of Fed. R. Civ. P. 26(a)(3)(A)(iii) materials sought to be introduced by each party to which there are unresolved objections, stating the particular grounds for each objection, and arranging for the presence of any such materials at this conference; (4) identification of witnesses in accordance with Fed. R. Civ. P.

26(a)(3)(A)(i) indicating any unresolved objections to the use of a particular witness and the grounds therefor, and designating those witnesses expected to testify by deposition in accordance with Fed. R. Civ. P. 26(a)(3)(A)(ii); (5) the factual contentions of each party; and (6) the triable issues as contended by each party. While preparation of the final pretrial order shall be the responsibility of all counsel and unrepresented parties, counsel for the plaintiff, or if the plaintiff is unrepresented, counsel for the first-named defendant, shall distribute a proposed final draft to all other counsel and unrepresented parties on or before **June 21, 2024**. Unresolved objections shall be noted in the proposed final pretrial order, but disagreements concerning the content of the final draft shall be resolved before the final pretrial conference, at which time the parties shall present a complete and endorsed proposed draft of the final pretrial order. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

8.      Trial by jury has been demanded. Counsel shall electronically file proposed voir dire and jury instructions. Counsel shall also deliver to the Clerk two typewritten sets of jury instructions, one set with authorities in support thereof, and one set without authorities, along with a CD, on or before **July 2, 2024**.

9.      Motions

a.      While the Court always has discretion to determine whether it will address any dispositive motions, all dispositive motions, including summary judgment motions, must be filed on or before **May 10, 2024**.

b.      Counsel must file a brief in support of their motion or response to a motion as required by E.D. Va. Adm. R. 7(F).

c.      Briefs may not exceed the page limits set by E.D. Va. Adm. R. 7(F)(3) without an order of the Court.

d.      Counsel filing a dispositive or partially dispositive motion against a unrepresented party must comply with the notice requirements of E.D. Va. Adm. R. 7(K).

e.      The nine-element signature block of counsel of record must be on all pleadings and motions filed with the Court. Local counsel are required to sign the pleading.  See E.D. Va. Adm. R. 83.1(F) for counsel's responsibilities.

10.      ADR has neither been requested nor ordered in this case. If the parties agree upon a settlement, counsel for one of the parties shall immediately notify the court by electronically filing of notice of settlement. If an endorsed dismissal order is not received within eleven (11) days of receipt of the electronic notice, the court may enter an order dismissing the case with prejudice and retaining jurisdiction to enforce the settlement.

11.      **SETTLEMENT.**  The parties are **ORDERED** to schedule a settlement conference with Magistrate Judge Miller at (757) 222-7012, on or before the Final Pretrial Conference.

12.      **Claim Construction**

a.      A *Markman* Hearing has been scheduled in this matter on **February 5, 2024, at 11:00 a.m.,** at the courthouse in Norfolk.

b.      The parties shall simultaneously exchange a list of claim terms to be construed, identifying any claim element that the party contends should be governed by 35 U.S.C. § 112(6), on or before **October 27, 2023**.

6

c.     The Court will construe no more than **ten (10) terms**.

d.     The parties will meet and confer to finalize the terms to be construed on or before **November 3, 2023**.

e.     The parties shall simultaneously exchange a preliminary proposed construction of each claim term the parties collectively have identified for claim construction purposes on or before **November 10, 2023**. The parties shall also, for each element which any party contends is governed by 38 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. Each party shall also identify all references from the specification or prosecution history that support its proposed constructions and any extrinsic evidence known to the party on which it intends to rely either to support its proposed claim constructions or to oppose any other party's proposed claim constructions, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses.

f.     The parties will meet and confer regarding their proposed claim constructions on or before **November 17, 2023**.

g.     The parties will simultaneously file opening claim construction briefs of no longer than 30 pages on or before **December 6, 2023**.

h.     The parties will simultaneously file reply claim construction briefs of no longer than 25 pages on or before **January 8, 2024**. The parties will inform the Court in conjunction with these filings whether they believe expert testimony will be necessary at the claim construction stage, and if so, who the parties intend to use as experts, specifically identifying their areas of expertise and the

anticipated scope of their testimony. Along with such submission, the parties shall provide the Court with a copy of any expert's curriculum vitae.

      i.     The parties shall prepare and file a joint claim construction chart and prehearing statement that identifies both agreed and disputed terms on or before **January 16, 2024**.

      (1)     The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses.

      (2)     The joint statement shall include a proposed order addressing how the parties propose to present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

      (3)     The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence. The parties must identify the following in the joint statement:

      (i)     the construction of agreed claims and terms;

      (ii)     each side's construction of disputed claims and terms, if any; and

      (iii)     if disputed claims and terms exist, each proposed witness at the claim construction hearing together with a brief description of the witness's testimony.

**13.** Any *Daubert* motions, motions in limine, or dispositive motions shall be filed, with supporting memoranda, on or before **May 10, 2024**. Responses to such motions shall be filed on or before **May 29, 2024,** and replies filed on or before **June 7, 2024**. If a hearing is requested, the Court will determine whether the request will be granted, or in the alternative, counsel will receive a decision on the motion based on the memoranda submitted.

**14.** The following named counsel shall be responsible for personally conducting the required Fed. R. Civ. P. 37(1)(1) conference prior to requesting court action, signing any motion or brief related to a discovery matter, and arguing the discovery matter before the Court: Andrei Iancu on behalf of Plaintiff Security First Innovations, LLC and David Perlson on behalf of Defendant Google LLC.

**15.** The parties are directed to immediately advise this Court if any review proceeding or request for same is made to the United States Patent and Trademark Office ("USPTO") that involves any of the claims at issue in this case.

/s/ _JKW_

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 20, 2023

9