IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SECURITY FIRST INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 2:23-cv-97 |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Stay Pending *Inter Partes* Review, filed by Defendant Google LLC ("Google"). ECF Nos. 159 (motion), 160 (memorandum). The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

**I.　BACKGROUND**

　　**A.　District Court Proceedings**

Plaintiff Security First Innovations, LLC ("SFI") filed the Complaint in this case on March 10, 2023. ECF No. 1. The Complaint alleges that the Google Cloud service infringes the four asserted patents—U.S. Patent Nos. 10,452,854 ("the '854 patent"), 11,068,609 ("the '609 patent"), 11,178,116 ("the '116 patent"), and 9,338,140 ("the '140 patent"). *Id.*

Google filed a motion to dismiss on April 28, 2023. ECF Nos. 37 (motion), 38 (memorandum). On August 21, 2023, SFI filed a motion for leave to amend the complaint to add claims of willful infringement. ECF Nos. 73 (motion), 74 (memorandum). On November 15, 2023, the Court denied Google's motion to dismiss and granted SFI's motion for leave to amend allowing SFI to proceed with its claim for willful infringement as to the '140 patent, but not as to the remaining asserted patents. ECF No. 125. The First Amended Complaint contains the same infringement allegations as the Complaint.

Google filed the instant Motion to Stay Pending *Inter Partes* Review on December 1, 2023. SFI filed its opposition on December 15, 2023. ECF No. 207. Google replied on December 21, 2023. ECF No. 227.

**B.   *Inter Partes* Review Proceedings**

Persons who are not owners of a patent may challenge the validity of a patent before the Patent Trial and Appeal Board ("PTAB") through *inter partes review* ("IPR"). 35 U.S.C. § 311. An IPR petition requests that one or more claims of a patent be canceled as unpatentable under 35 U.S.C. § 102 (novelty) or 35 U.S.C. § 103 (obviousness). *Id.* The PTAB will authorize review of the patent claims if "there is a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition." 35 U.S.C. § 314. If IPR is instituted, the PTAB must execute a final written decision within a year, but that deadline can be extended by six months for "good cause." 35 U.S.C. § 316.

Between November 22 and November 27, 2023, Google filed a total of four IPR petitions seeking review of claims relating to all four of SFI's asserted patents. ECF No. 160 at 5. The PTAB is scheduled to decide by late May or early June 2024 whether to institute review. *Id.*

## II.   LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When a party other than the patent owner or a real party in interest files an IPR petition, the decision to stay district court proceedings "is left to the district court's discretion." *Sharpe Innovations, Inc. v. T-Mobile USA, Inc.*, No. 2:17-cr-351, 2018 WL 11198604, at *2 (E.D. Va. Jan. 10, 2018) (quotation marks and citation omitted). When determining whether to stay patent litigation pending IPR, district courts consider the following three factors:

> (1) the stage of the litigation;
> (2) whether the stay would simplify the issues before the court; and
> (3) whether the stay would unduly prejudice the nonmoving party.

*Centripetal Networks, LLC v. Keysight Tech., Inc.*, No. 2:22-cv-2, 2023 WL 5127163, at *3 (E.D. Va. Mar. 20, 2023) (collecting cases).

## III.   ANALYSIS

For the reasons stated below, the Court finds that the balance of the relevant factors ultimately weighs in favor of granting a stay. The Court will address each factor in turn.

3

### A. The Stage of the Litigation

The first factor—the stage of litigation—is neutral. "The stage of litigation weighs *in favor* of a stay when the motion is filed early in its proceedings—before the trial date or *Markman* hearing is set—and discovery has not been substantially completed." *Keysight Tech., Inc.*, 2023 WL 5127163, at *4 (emphasis added). "As for the proper timing to measure the stage of litigation, district courts have adopted the date of the filing of the motion to stay." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d at 1307, 1316 (Fed. Cir. 2014). Thus, the Court must consider the stage of litigation at the time the motion to stay was filed.

The Court finds that on the operative date—December 1, 2023—the stage of the instant case was neither early nor advanced. As is this Court's practice in all cases, a scheduling order had been entered pursuant to Fed. R. Civ. P. 16(b), and a trial date had been set, but trial was not scheduled to begin for seven months. The *Markman* hearing was set to begin two months from the operative date; however, neither party had yet submitted their claim construction briefing. As SFI correctly points out, the parties had engaged in substantial discovery, and fact discovery was scheduled to close in two months. But the parties were still producing documents, had not yet taken any depositions, and had just started to identify expert witnesses. ECF No. 161 ¶ 2; ECF No. 207 at 13.

It is undoubtedly true that both the Court and the parties have invested considerable resources in this case. But it is also undoubtedly true that a significant amount of work remains to be done. Thus, the stage of litigation is a neutral factor

4

that weighs neither for nor against granting a stay. *See Segin Sys., Inc. v. Stewart Title Guaranty Co.*, 30 F. Supp. 3d 476, 482 (E.D. Va. 2014) (determining that this factor is neutral when the case has been pending for nearly a year but remains in the early stages of discovery); *Sharpe Innovations, Inc.*, 2018 WL 11198604, at *3 (finding this factor neutral when a Fed. R. Civ. P. 16(b) scheduling order had been entered, trial was not scheduled to begin for eight months, discovery had barely begun, and a *Markman* hearing was one month away, but the claim construction briefing had not been substantially completed).

### B. Simplification of the Issues

The second factor—whether a stay would simplify the issues in the case— weighs heavily in favor of granting a stay. "A stay pending the resolution of administrative proceedings will simplify matters before the district court if the administrative proceedings have the potential to dispose of claims entirely." *Keysight Tech., Inc.*, 2023 WL 5127163, at *4 (citing *VirtualAgility Inc.*, 759 F.3d at 1314). Even if the administrative proceeding is unlikely to dispose of claims, a stay may simplify matters if it allows the administrative proceedings time to build a record that assists the district court's claim construction analysis. *In re TLI Commc'ns, LLC*, No. 1:14-md-2534, 2014 WL 1265711, at *2 (E.D. Va. Aug. 11, 2014).

If IPR is instituted, such review would undoubtedly simplify the issues in this case. Google's IPR petitions challenge all the asserted claims across all the asserted patents in the instant case. ECF No. 160 at 1. Therefore, if Google prevails with respect to every claim, IPR could dispose of the entire case, which is "the ultimate

simplification of the issues." *VirtualAgility Inc.*, 759 F.3d at 1314; *see also Sharpe Innovations, Inc.*, 2018 WL 11198604, at *3 (finding that "the simplification factor weighs heavily in favor of the stay when the petition challenges all patent claims brought by the plaintiff") (citation and quotation marks omitted).

Even if IPR does not dispose of every patent claim at issue, validity issues would still be streamlined because final written PTAB decisions have preclusive effect. Once the PTAB issues a final written decision on a patent claim, the petitioner is barred from asserting "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that [IPR]" in a subsequent civil action. 35 U.S.C. § 315(e)(2). Therefore, even if some of SFI's claims survive IPR, Google cannot raise any claim that it "could have raised in the IPR petition or at the IPR itself" in the litigation before this Court.[1] *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017) (quotation marks and citation omitted).

SFI asserts that granting a stay is premature and speculative because the PTAB has not yet instituted IPR. ECF No. 207 at 17–18. The Court disagrees. SFI notes the relatively fast pace of litigation in this district, ECF No. 207-3, but that is precisely why "this district does not disfavor stays before IPR is instituted." *Sharpe*

---

[1] The Court also notes that should the PTAB decide not to institute Google's petitions, "statements made in the course of an IPR proceeding concerning the patent in issue may also add to the patent's prosecution history, which could assist this Court's claim construction analysis." *In re TLI Commc'ns*, 2014 WL 1265711, at *2. Thus, any possible outcome of Google's IPR petitions will—albeit to varying degrees—simplify the issues before the Court.

6

*Innovations, Inc.*, 2018 WL 11198604, at *3 (collecting cases). Given this pace, "courts are generally mindful that, in the months leading up to the PTAB's decision whether to grant IPR, the parties and the court would expend many resources in litigation that could be rendered unnecessary by the outcome of IPR." *Id.* (collecting cases); *see e.g., In re TLI Commc'ns LLC,* 2014 WL 12615711, at *1 (granting a stay prior to institution because "the pace of discovery and other events in this Court would require a great deal of activity . . . some of which may be rendered unnecessary if IPR is granted").

If the Court waits to grant a stay until the PTAB institutes Google's IPR petitions, the parties will necessarily engage in litigation efforts that would be duplicative of their efforts before the PTAB, which "is precisely what a stay seeks to avoid."[2] *Sharpe Innovations, Inc.*, 2018 WL 11198604, at *3. Thus, the fact that IPR has not yet been instituted does not weigh against granting a stay in this case. *See Audio MPEG, Inc., et al v. Hewlett-Packard Comp.*, No. 2:15-cv-73, 2015 WL 5567085, at *4 (E.D. Va. Sept. 21, 2015) ("[A]s the Federal Circuit noted in *VirtualAgility*, a district court should not consider whether the PTAB will ultimately grant review

---

[2] SFI spends a considerable amount of time discussing the PTAB's six-factor *Fintiv* test. If the question before the Court was whether the PTAB was likely to institute review of Google's IPR petitions, then the *Fintiv* factors would be relevant. But that is not the question the Court must answer. The task here is to determine whether this Court should grant a stay. Because "a district court should not consider whether the PTAB will ultimately grant review when deciding a motion to stay," the factors that the PTAB considers when deciding to institute review are of little consequence to the Court's analysis. *Audio MPEG, Inc., et al. v. Hewlett-Packard Comp.*, No. 2:15-cv-73, 2015 WL 5567085, at *4 (E.D. Va. Sept. 21, 2015).

7

when deciding a motion to stay."). Because Google has challenged every asserted claim for all asserted patents, this factor weighs heavily in favor of a stay.

### C. Prejudice to the Non-Moving Party

The third factor—whether the nonmoving party would be unduly prejudiced or unfairly disadvantaged—weighs in favor of granting a stay. "Whether the patentee will be unduly prejudiced by a stay in the district court litigation . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc.*, 759 F. 3d at 1318 (emphasis omitted). To show undue prejudice, a patentee must demonstrate that monetary damages will be insufficient to remedy their losses. *Id.* at 1318–19. The Court finds that SFI will not be unduly prejudiced for at least three reasons.

First, as Google argues, SFI is a non-producing entity that does not directly compete with Google. ECF No. 160 at 11. Thus, SFI "has no reasonable basis for requesting or recovering anything other than monetary damages in this case, which of course, can be determined regardless of any delay attributable to a stay."[3] *In re TLI Commc'ns, LLC*, 2014 WL 12615711, at *2.

Second, the evidence does not establish that Google possessed a "dilatory motive" in moving for a stay. *VirtualAgility Inc.*, 759 F.3d at 1319. SFI highlights

---

[3] The Court also notes that SFI has not moved for a preliminary injunction, nor has SFI sought any form of relief other than damages. ECF No. 126 at 60–61. While not dispositive, this fact suggests that monetary damages will be sufficient to remedy SFI's losses. *See VirtualAgility Inc.*, 759 F.3d at 1319 (finding that the plaintiff's failure to pursue a preliminary injunction was not dispositive, but "contradict[ed] [the plaintiff]'s assertion that it need[ed] injunctive relief as soon as possible").

that Google filed its IPR petitions between November 22 and November 27, 2024—just one week after the Court denied Google's motion to dismiss on November 15, 2024. The Court agrees with SFI that the timing of the instant motion is curious and raises concerns that Google intentionally delayed its IPR petitions until after the Court ruled on its motion to dismiss. However, timing alone is insufficient to establish that Google is engaging in delay tactics to gain an advantage. Ultimately, Google filed its IPR petitions within eight months of the complaint and filed the instant motion to stay just four days after filing its last IPR petition—neither of which suggests dilatory tactics. ECF No. 160 at 5.

Finally, SFI argues that it "will suffer evidentiary prejudice because relevant witnesses' memories will fade, and relevant documents may be lost."[4] ECF No. 207 at 28. The Federal Circuit has made clear that by itself, the passage of time is not sufficient to conclude that the non-moving party will suffer evidentiary prejudice. *VirtualAgility Inc.*, 759 F.3d at 1319 ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable. Without more, however, these assertions . . . are not sufficient to justify a conclusion of undue prejudice."). Further, two rules—Fed. R. Civ. P. 27 and 37(e)—address SFI's concerns. *VirtualAgility Inc.*, 759 F.3d at 1319 (finding that Fed. R. Civ. P. 27, which allows for the perpetuation of testimony, cuts

---

[4] The Court notes that SFI's argument for the first factor seems to cut against its argument here. SFI avers that because fact discovery is set to close on February 16, 2024, the case is in an advanced stage. That also necessarily suggests that Google has produced the documents relevant to litigation, which at the very least lowers—if not eliminates—the risk that relevant documents may be lost.

9

against an argument against a stay); Fed. R. Civ. P. 37(e) (allowing courts to cure prejudice when a party fails to take steps to preserve electronically stored information in anticipation of litigation).

In sum, two of the three factors weigh in favor of a stay: simplification of the issues and a lack of undue prejudice. The stage of litigation is neutral—it neither weighs in favor nor against a stay. Thus, the Court will grant Google's motion to stay.

## IV. CONCLUSION

For the foregoing reasons, Defendant Google, LLC's Motion to Stay Pending *Inter Partes* Review (ECF No. 159) is **GRANTED.**

Accordingly, it is **ORDERED** that the case is **STAYED.**

The parties are **DIRECTED** to contact the Court to schedule a status conference within seven days of the PTAB issuing its initial determination.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Norfolk, Virginia
January 19, 2024