# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SECURITY FIRST INNOVATIONS, LLC,

    Plaintiff,

    v.

GOOGLE LLC,

    Defendant.

Case No. 2:23-cv-97

## OPINION & ORDER

In this patent infringement case, Plaintiff Security First Innovations, LLC ("SFI") asks the Court to partially lift the stay it previously imposed pending *inter partes* review of the asserted patents. ECF Nos. 315 (motion), 316 (memorandum). SFI maintains that the case should proceed as to the '140 Patent while the Patent Trial and Appeal Board ("PTAB") reviews the remaining patents. Because the totality of the circumstances weighs against lifting the stay, the motion will be **DENIED**.[1]

### I.  BACKGROUND

#### A.  District Court Proceedings

SFI's Complaint alleges that the Defendant Google LLC's ("Google") Cloud service infringes the four asserted patents—U.S. Patent Nos. 10,452,854 ("the '854

---

[1] The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J).

patent"), 11,068,609 ("the '609 patent"), 11,178,116 ("the '116 patent"), and 9,338,140 ("the '140 patent"). ECF No. 1.

After Google moved to dismiss the Complaint (ECF No. 37), SFI requested leave to amend the complaint to add claims of willful infringement. ECF No. 73. The Court denied Google's motion to dismiss and granted SFI leave to amend, allowing SFI to proceed with its claim for willful infringement as to the '140 patent but not as to the remaining asserted patents. ECF No. 125.

### B. *Inter Partes* Review Proceedings

Persons who are not owners of a patent may challenge the validity of a patent before the PTAB through *inter partes* review ("IPR"). 35 U.S.C. § 311(a). An IPR petition requests that one or more claims of a patent be canceled as unpatentable under 35 U.S.C. § 102 (novelty) or 35 U.S.C. § 103 (obviousness). *Id.* The PTAB will authorize review of the patent claims if "there is a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition." 35 U.S.C. § 314(a). If IPR is instituted, the PTAB must execute a final written decision within a year, but that deadline can be extended by six months for "good cause." 35 U.S.C. § 316(a)(11).

Between November 22 and November 27, 2023, Google filed four IPR petitions seeking review of claims relating to all of SFI's asserted patents. ECF No. 160 at 5. On May 23, 2024, the PTAB instituted IPR as to the '854, '609, and '116 patents and subsequently denied IPR on the '140 patent. ECF Nos. 316-2, 316-3, 316-4.

2

Google filed a request for rehearing regarding the PTAB's decision to deny IPR for the '140 patent. ECF 319. The PTAB denied Google's rehearing request. ECF No. 323.

As a result, SFI filed the instant motion asking the Court to resume the '140 patent litigation.

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When a party other than the patent owner or a real party in interest files an IPR petition, the decision to stay district court proceedings "is left to the district court's discretion." *Sharpe Innovations, Inc. v. T-Mobile USA, Inc.*, No. 2:17-cr-351, 2018 WL 11198604, at *2 (E.D. Va. Jan. 10, 2018) (quotation marks and citation omitted). When determining whether to stay patent litigation pending IPR, district courts consider the following three factors:

> (1) the stage of the litigation;
>
> (2) whether a stay would simplify the issues before the court; and
>
> (3) whether a stay would unduly prejudice the nonmoving party.

*Centripetal Networks, LLC v. Keysight Tech., Inc.*, No. 2:22-cv-2, 2023 WL 5127163, at *3 (E.D. Va. Mar. 20, 2023) (collecting cases). However, "[t]hese factors . . . are not exclusive, and the [c]ourt must decide based on the totality of the circumstances." *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, No. 2:18-cv-94, 2019 WL 8888195, at *2

3

(E.D. Va. Sept. 18, 2019) (citing *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2015 WL 7272199, at *2 (E.D. Va. Nov. 16, 2015)).

## III. ANALYSIS

The balance of the relevant factors and the totality of the circumstances weigh in favor of maintaining the stay for all the asserted patents. The Court will address each factor in turn.

### A. The Stage of the Litigation

The first factor—the stage of litigation—is neutral. The stage of litigation remains unchanged from the date the Court instituted the existing stay. *See generally* ECF No. 313 at 4–5. The Court's assessment of this factor in its prior Memorandum Opinion and Order still applies, and the stage of litigation weighs neither for nor against lifting the stay. *Id.*

### B. Simplification of the Issues

The second factor—whether a stay would simplify the issues in the case—weighs in favor of maintaining the stay.

Even though the '140 patent is not subject to IPR, the IPR proceedings could nevertheless impact the litigation of the '140 Patent. Specifically, the IPR record may aid the Court in claim construction regarding the '140 patent. ECF No. 313 at 5. *See In re TLI Commc'ns, LLC*, No. 1:14-md-2534, 2014 WL 1265711, at *2 (E.D. Va. Aug. 11, 2014) (observing that even if an administrative proceeding is unlikely to dispose of claims, a stay may simplify matters if it allows the administrative proceedings time to build a record that assists the district court's claim construction analysis).

Generally, courts must construe similar or identical terms in patents within the same family consistently. *NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1293 (Fed. Cir. 2005) (when patents "derive from the same parent application and share many common terms, [courts] must interpret the claims consistently across all asserted patents"). Because the '116 and '140 patents are in the same family and share terms, the PTAB's interpretation of the '116 patent's terms may be relevant to construction of the '140 patent. *See Univ. of Mass. v. L'oréal S.A.*, 36 F.4th 1374 (Fed. Cir. 2022) ("[W]e must look at the ordinary meaning in the context of . . . the prosecution history."). Thus, the PTAB's interpretation may be instructive to the Court when it construes the claims in the '140 patent.

SFI argues that maintaining the stay would not simplify claim construction because none of the terms the PTAB currently plans to construe in the '116 patent appear in the list of terms the parties have asked this Court to construe in the '140 patent. ECF No. 316 at 5–7. Perhaps. But it is certainly plausible that the IPR's record could illuminate issues in construction of the '140 patent that the parties do not currently appreciate. Alternatively, after the conclusion of IPR, the parties might seek construction of new terms based on issues the IPR raised. Maintaining the stay in this litigation will ensure that the resources of this Court are expended when the path forward becomes clearer.

Additionally, "even if IPR will not impact all the disputed patents, the fact that a portion of the patents are under IPR will simplify the issues and supports a stay of all pending claims before the court." *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,

5

No. 1:16-cv-2669, 2018 WL 11350482, at *4 (N.D. Ga. June 28, 2018) (citation omitted). Because the litigation concerns four asserted patents and three are subject to IPR, maintaining the stay is prudent even if IPR does not directly impact claim construction on the '140 patent.

Thus, the second factor weighs in favor of maintaining the stay.

### C. Prejudice to the Non-Moving Party

The third factor—whether the nonmoving party would be unduly prejudiced or unfairly disadvantaged—is also neutral. Like the Court's finding regarding the first factor, *supra*, the Court's assessment of this factor in its earlier Memorandum Opinion and Order still applies. ECF No. 313 at 8–10.

The circumstances underlying whether a continued stay unduly prejudices SFI also remain unchanged. However, SFI contends that the circumstances *have* changed such that the undue prejudice factor weighs "heavily" in favor of lifting the stay. ECF No. 316 at 7–8. In support of this assertion, SFI offers the following: (1) that when the PTAB's review of a patent has concluded, a continued stay would only serve to prejudice the patent owner; (2) that the '140 patent expires in October 2025 and would give Google the upper hand at trial; (3) that maintaining the stay will "compound the evidentiary prejudice to SFI;" and (4) that lifting the stay would not prejudice Google. *Id.* None of SFI's reasons demonstrate a change in circumstances sufficient to shift the weight of this factor.

### i. Maintaining the stay will not prejudice SFI as the patent owner.

The Court has previously addressed SFI's argument that the PTAB's decision not to institute IPR for the '140 patent constitutes a "'critical change' that affects the prejudice analysis," regardless of whether "proceedings continue with respect to other patents in [a] suit." ECF No. 316 at 7. In SFI's view, "[g]iven that IPR will now have virtually no effect on the [surviving] patent [claim], a continued stay as to [that claim] can only serve to prejudice [the patent owner]." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-cv-9278, 2018 WL 1726250, at *1 (S.D.N.Y. Apr. 6, 2018). However, as the Court explained in Part III.B, it cannot conclude that IPR will now have virtually no effect on the '140 patent claims.

### ii. The expiration date of the '140 patent does not impact SFI's ability to recover.

SFI also argues that the impending expiration of the '140 patent in October 2025 poses a new risk of prejudice. ECF No. 316 at 8. But as the Court noted in its previous Order, SFI is a non-producing entity that does not directly compete with Google and seeks only monetary damages. ECF No. 313 at 8. Such damages can be recovered retroactively, regardless of the effective status of the patent. Therefore, expiration of the patent does not affect SFI's ability to recover monetary damages, and the Court finds in declining to lift the stay, SFI will suffer no other apparent prejudice because of the impending expiration of the '140 patent.

### *iii. Maintaining the stay will not result in evidentiary prejudice.*

SFI claims, as it did before, that "[f]urther delay would also compound the evidentiary prejudice to SFI both with respect to documents and witnesses' memories." ECF No. 316 at 8. But as the Court outlined previously, the Federal Circuit has made clear that, by itself, the passage of time is not sufficient to conclude that the non-moving party will suffer evidentiary prejudice. *VirtualAgility Inc.*, 759 F.3d at 1319 ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable. Without more, however, these assertions . . . are not sufficient to justify a conclusion of undue prejudice."); *see also* ECF No. 313 at 9–10 (noting that Fed. R. Civ. P. 27 and 37(e) address SFI's evidentiary prejudice concerns). SFI has failed to offer this Court more to demonstrate some real evidentiary prejudice resulting from a continued stay.

### *iv. Lifting the stay would prejudice Google.*

Finally, SFI claims that lifting the stay will not prejudice Google. ECF No. 316 at 8. As the Court describes below, allowing litigation to proceed on the '140 patent alone would prejudice Google by requiring them to unnecessarily expend resources on two separate trials.[2]

Thus, SFI has failed to persuade the Court that the stay will result in unfair prejudice. This factor weighs against lifting the stay.

---

[2] To be clear, the Court views SFI's proposal here as prejudicial to *both* parties. However, given this request, it is evident that SFI has concluded that it prefers the two-trial approach to the alternative. Thus, the Court only references prejudice to Google here.

8

### D. Totality of the Circumstances

The totality of the circumstances weighs in favor of maintaining the stay.

When deciding whether to grant a stay in a patent litigation, some courts in this district have assessed whether the stay "will reduce the burden of litigation on the parties and on the court." *Centripetal*, 2019 WL 8888195, at *2 (citing 35 U.S.C. § 321). In considering the totality of the circumstances, the Court's inquiry focuses on whether lifting the stay will reduce the burden of litigation on the parties.

Litigation of the '140 patent alone is neither in the best interests of the parties nor an efficient use of the Court's resources. *See Centripetal*, 2019 WL 8888195, at *4 (considering "the burdens of litigation"). While the Court does not buy Google's argument that partially lifting the stay would result in the parties necessarily undergoing duplicative discovery efforts, the Court's decision is grounded in a strong aversion to expending judicial resources to conduct two trials. SFI argues that the parties will inevitably have to try the '140 patent separately from the other asserted patents, because "the case on the other three [a]sserted [p]atents, if and when it proceeds, would be so different from the case on the '140 [p]atent." ECF No. 316 at 6–7. Today, the Court sees no legitimate reason why a trial on the '140 patent would need to be severed from a trial on the other three asserted patents. And to conclude otherwise at this juncture would require the Court to engage in rank speculation about what specific triable issues will remain as to each patent before the IPR process has concluded, before this litigation resumes, and before all the pretrial hurdles have been cleared. That is not a position this Court is willing to take.

In sum, the majority of the factors and the totality of the circumstances weigh in favor of maintaining the stay. Thus, SFI's motion will be **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, Plaintiff SFI's Motion to Lift the Stay and Reopen the Case as to the '140 Patent (ECF No. 315) is **DENIED.**

Accordingly, it is **ORDERED** that the case remains **STAYED.**

The parties are **DIRECTED** to notify the Court of the PTAB's final determination as to the remaining asserted patents no later than five business days after IPR has concluded.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
December 10, 2024